974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard SAUCEDA and Gloria Sauceda, husband and wife;
Personal Representative of the estate of Monica Sauceda,
deceased; Antonio Verduzco and Olivia Verduzco, husband and
wife; Personal Representative of the estates of Antoinette
Verduzco, Thomas Verduzco and Tanya Verduzco, deceased,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-16187.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 18, 1992.
Decided Sept. 3, 1992.
 
 1
 Appeal from the United States District Court for the District of Arizona, No. CV-88-9-PHX-RCB; Robert C. Broomfield, District Judge, Presiding.
 
 
 2
 D. Ariz.
 
 
 3
 AFFIRMED.
 
 
 4
 Before KOZINSKI and DAVID R. THOMPSON, Circuit Judges, and REA,* District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 Plaintiffs' relatives were killed by a drunk driver. Earlier that night, a Bureau of Indian Affairs police officer stopped the driver--who was allegedly already drunk--but didn't arrest her. Plaintiffs sued the United States under the Federal Tort Claims Act (FTCA), alleging that the police officer was negligent in not making the arrest. The district court granted summary judgment for the defendants; plaintiffs appeal, and we affirm.
 
 
 7
 The FTCA makes the United States liable "in the same manner and to the same extent as a private individual under like circumstances" would be liable under the law of the state in which the injury occurred (here, Arizona). 28 U.S.C. § 2674. The statute doesn't say what standard of liability should be used when there is no private individual under like circumstances--when the government is being faulted for doing badly something that private individuals don't do at all. Aguilar v. United States, 920 F.2d 1475 (9th Cir.1990), however, settles that question for the Ninth Circuit: The federal government's liability for negligently performing exclusively governmental functions (in Aguilar, traffic control by a federal police officer) is measured by the liability of state government agents performing similar functions. Id. at 1477.[1]
 
 
 8
 Under Aguilar, defendant wins. A.R.S. § 12-820.02 says that Arizona isn't liable for a state police officer's failure to make an arrest unless he intended to cause injury or was grossly negligent. The plaintiffs don't allege that the BIA police officer either intended to cause injury or was grossly negligent. Therefore, the federal government, like the state government, isn't liable.
 
 
 9
 Plaintiffs argue that Aguilar is different because it involved only a damages cap, not a wholesale elimination of liability. Indeed, Aguilar did "emphasize that applying the [damages] cap does not eliminate the liability of the United States altogether." 920 F.2d at 1479. However, the reasoning on which Aguilar is based applies as surely to elimination of liability as it does to limitation of liability. We refuse to seize on the quoted language from Aguilar but ignore Aguilar 's underlying rationale.
 
 
 10
 Plaintiffs also argue that, unlike in Aguilar, there are private individuals situated similarly to police officers who fail to arrest drunk drivers: psychiatrists who don't properly diagnose their patients' dangerousness, and tavern owners who serve alcohol to a drunk patron. But not arresting someone is vastly different from misdiagnosing them or serving them more beer. The decision to arrest someone implicates core individual rights. The incentives created by a duty to arrest would be far different from those created by the duties imposed on tavern owners or on psychiatrists. "Like circumstances" these are not.
 
 
 11
 Finally, plaintiffs argue that the police officer in this case is analogous to a private security guard who fails to stop a drunk employee from leaving the company parking lot. But Aguilar forecloses this analogy. Private security guards can, after all, also direct traffic on private land. If, despite this, the appropriate analog for a federal police officer directing traffic is a state police officer rather than a private security guard, then surely the same is true for federal police officers deciding whether to arrest a drunk driver.
 
 
 12
 Because Aguilar controls, the district court correctly granted summary judgment for defendant.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Plaintiffs argue that Aguilar incorrectly interprets Supreme Court precedent. However, even if they could convince us of this, Ninth Circuit panels are bound by the decisions of previous panels. Atonio v. Wards Cove Packing Co., 810 F.2d 1477 (9th Cir.1987) (en banc). Neither can a panel avoid a decision it dislikes merely by "limit[ing it] to its specific holding," Appellant's Opening Brief at 12